DENNIS, Judge.
The accident out of which this lawsuit arises, occurred November 26, 1970, at the intersection of Mansfield Road and Truly Lane in Shreveport, Louisiana. The plaintiff, Mrs. Leroy Fahnestock, was a guest passenger in a 1960 Oldsmobile driven by Mrs. Vernon Sparks and insured by Allstate Insurance Company. The other auto, a 1965 Plymouth, was driven by Mrs. Grace E. Stevens and insured by Travelers Insurance Company.
Mr. and Mrs. Leroy Fahnestock instituted this action for damages sustained by Mrs. Fahnestock against Mrs. Grace E. Stevens, Travelers Insurance Company and Allstate Insurance Company. In addition to this suit, Mrs. A. J. Fahnestock, also a guest passenger in the Sparks auto, brought an action against the above named defendants, and Mrs. Sparks brought suit against Mrs. Stevens and Travelers Insurance Company.
The suits were consolidated for trial, and it was found the collision was caused solely by the negligence of Mrs. Sparks. Accordingly, the judgment was rendered in favor of Mr. and Mrs. Leroy Fahnestock in the amount of $829.24 in special damages. $1,500 for lost wages, and $1,500 for pain and suffering, against Allstate. All claims against Travelers and Mrs. Stevens were rejected. Mr. and Mrs. Leroy Fahnestock devolutively appealed to this court contending that the award for Mrs. Fahnestock’s pain and suffering should be increased to $7,000 and that the judgment should be amended to fix an expert witness fee of $100 for Dr. Rudolph Forbing to be taxed as costs. Liability is not at issue on appeal.
Dr. Rudolph Forbing treated Mrs. Fahne-stock the day of the accident. At that time she complained of pain in the low back and neck. Dr. Forbing found muscle spasm and a good bit of pain on motion. His diagnosis was cervical and lumbosacral sprain. He gave Mrs. Fahnestock an injection of muscle relaxant and a prescription for Darvon. Dr. Forbing saw her again the next day and on November 30. She continued to have muscle spasms and complained of stiffness. She received injections of muscle relaxants on each visit. Mrs. Fahnestock was seen by Dr. Forbing again on December 9 and 10 with the same symptoms. On December 18, Dr. Forbing tried another type of muscle relaxant, and described Mrs. Fahnestock’s pain as moderate.
On December 2, Mrs. Fahnestock was treated by Dr. Harold Bicknell who found tenderness in the lower lumbosacral area, limitation of all motion and considerable *250 pain and discomfort in the hip and back area. An x-ray examination of the cervical spine revealed some loss of normal lor-dotic curve indicative of muscle spasm or tightness. He prescribed muscle relaxants, pain killers and moist heat. She returned to Dr. Bicknell on December 16, at which time he recommended hospitalization.
Mrs. Fahnestock was hospitalized in Schumpert Hospital from December 16 through December 24. During this time she received muscle relaxant medication, pain medicine and physiotherapy. Dr. Bicknell also stated that he remembered Mrs. Fahnestock being placed in pelvic traction for most of the duration of her hospitalization although he could not be absolutely positive of this without referring to the hospital chart in the records of Schumpert Hospital.
She returned to Dr. Bicknell December 30 and received similar treatment including muscle relaxant and moist heat. Dr. Bick-nell saw her again on January 12, at which time tendonitis had developed in the right hip. Treatment described by Dr. Bicknell as a painful injection of xylocaine was administered at this time. On a January 22 visit, Dr. Bicknell found some tenderness remaining in the lower back, but no spasms. Mrs. Fahnestock was discharged by Dr. Bicknell on February 5, 1971, even though he still found some minimal discomfort.
Mrs. Fahnestock’s daughters and husband stated that she had to have assistance from someone in order to rise from the bed or couch to go to the bathroom or even to change positions. As this assistance was not available during the day, Mrs. Fahnestock was forced at times to urinate on the bed or couch. Also, due in part to this forced inactivity, she gained approximately forty-five pounds between the date of the accident and that of the trial. Mrs. Fahnestock returned to her job as a medical sitter on February 25, 1971, on a part-time basis. She was able to resume her household duties sometime in April or May.
The appellee conceded in oral argument that the jtidgment should be amended to award plaintiff $100 as an expert witness fee for Dr. Forbing.
Considering the serious pain and extensive disability suffered by the plaintiff, we find the sum of $1,500 to be grossly inadequate to compensate for her pain and suffering caused by the accident, and conclude that $3,000 is an appropriate award.
The judgment appealed from is amended to increase the award to Mrs. Fahnestock from $1,500 to $3,000, the expert witness fee is fixed at $100 and taxed as cost, and the judgment, as amended is affirmed.